[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This dissolution of marriage action was brought to this court on September 14, 1993. The final hearing commenced on October 19, 1995 and concluded on November 7, 1995.
The court finds the following facts. The parties were married on May 18, 1968 in Yonkers, New York. They had three children, issue of the marriage, of which one, Craig A. Reilly, born January 22, 1981, is still a minor.
The parties have resided in the State of Connecticut for more than twelve months prior to the filing of the complaint. Neither party has received state aid during the marriage. The parties separated in June 1993 when the husband vacated the marital home at 10 Ball Pond Road in New Fairfield.
At the time of the hearing each party was fifty years old. The court finds both to be in reasonably good health. The defendant wife, however, has venereal disease which the court finds she contracted from the plaintiff husband. The plaintiff testified as to various ailments. While the court had no reason to disbelieve his contention that he has high blood pressure, asthma, hypertension, and osteomylitis, the court did not find credible his assertions that his health was "suspect" and that these conditions were affecting his ability to work. His testimony was self-serving and lacked any medically competent evidence to support it.
The plaintiff is a high school graduate. The defendant is also a high school graduate but she attended secretarial school for one year. She worked as a secretary at the time of the marriage and continued to work for the first five years of the marriage. At the time of the marriage the plaintiff worked for the City of New Rochelle. He also worked an additional day each week as a tree trimmer. The parties paid bills with the plaintiff's income and deposited the defendant's checks to a savings account. When their first child was born the defendant ceased to work. The parties bought their home when their son was six months old. They used their accumulated savings as a down payment of $17,000. While the defendant undertook the primary child care duties she occasionally babysat and made wood plaques CT Page 13987 for some occasional extra money. Eventually, the plaintiff asked the defendant to help him increase the family's income. The defendant attended a program for three months at IBM in which she improved and updated her marketable skills. She was then hired by IBM as a secretary and she has worked there for nine years. The plaintiff is an employee of the United States postal service for which he has worked for 16 years. Both parties work overtime at times and both parties have contributed economically to the marriage.
The parties' marriage was marred by disagreements over issues involving the children. The plaintiff also became involved in a sexual relationship with at least one other woman. He moved out of the marital bedroom in January 1993 and in June he vacated the marital home. While the defendant appeared willing to attempt to salvage the marriage the plaintiff held out no such hope; he appeared focused on obtaining his share of the house after sale so that he could purchase another residence.
The marital residence is approximately 30 years old and requires repairs to the roof, gutters and storm windows. In addition the septic system overflows and is being monitored by the Town of Newtown. The court has considered the need for costly repairs to the house and the necessity of allocating responsibility for these costs between the parties if the plaintiff receives a portion of the equity. Further the court is mindful that the plaintiff contributed $100 per week as child support during the separation. However, he did not contribute to the payment of the mortgage, taxes and insurance of $386 per month. One-half of the total amount which was paid by the defendant over the period of the separation is approximately $5400. The court also recognizes that the plaintiff wishes to realize his equity sooner rather than later, while fairness to the minor child dictates that he remain in the marital home at least until he completes high school.
The court has had the opportunity to observe the demeanor of the parties and has reviewed the exhibits of the parties in the case. The plaintiff's testimony was self-serving and less than truthful at times. The court finds that the marriage of the parties has broken down irretrievably. The greater fault lies with the plaintiff husband.
The court has also weighed the holding of the Appellate Court in O'Neill v. O'Neill, 13 Conn. App. 300, 311, cert denied, 207 CT Page 13988
4. The defendant shall have sole custody of the minor child. The plaintiff shall have liberal, flexible and reasonable rights of visitation including, but not limited to alternate weekends.
5.(a) The defendant shall purchase the plaintiff's interest in the marital residence within nine months from the date of this decree for the sum of $37,000 which represents approximately 25% of the net equity. She shall be responsible for the payment of the mortgage, taxes and insurance on said property and shall have exclusive possession of the premises.
(b) In the event she is unable to buy the plaintiff's interest as specified in paragraph (a) above, the house shall be listed for sale with a licensed real estate broker at a listing price agreed upon by the parties on the first day of the month in which the minor child completes the twelfth grade. Until the property is sold, the defendant shall have exclusive possession thereof; further, the parties shall share in the cost of necessary repairs in excess of $200 according to the following percentages: 30% by the plaintiff and 70% by the defendant. Any fix-up expenses to make the house marketable must be agreed upon between the parties after consultation with the broker; 30% shall be paid by the plaintiff and 70% by the defendant. When the property is sold and after payment of the mortgages, real estate taxes, brokers' commissions, attorney's fees and usual closing costs, the net proceeds shall be divided as follows: 70% to the defendant and 30% to the plaintiff.
(c) The court shall retain jurisdiction over any disputes in connection with the sale of the real estate.
6. The plaintiff shall retain the possession of the automobile, boat, accounts and savings bonds listed on his financial affidavit of October 19, 1995. The defendant shall retain the automobiles, and other assets listed on her financial affidavit of October 19, 1995. The parties shall agree upon the division of all other items of personal property. In the event they are unable to agree, they shall seek mediation through the Family Services Office and comply with its recommendation.
7. Pursuant to a Qualified Domestic Relations Order, the plaintiff shall transfer to the defendant one-half the value of his pension plan as that amount existed on the date of this decree. That one-half amount shall be reduced by one-half of the CT Page 13989 amount accrued in the defendant's pension plan on the date of this decree.
8. Each party shall be responsible for the liabilities listed on his/her own financial affidavit. Each party shall share equally in the cost of the tax evaluation provided by Sandra K. Stockwell, C.P.A.
9. The plaintiff shall provide medical insurance for the benefit of the minor child. The parties shall share equally in any unreimbursed medical, dental, orthodontal, psychological, psychiatric and optical expenses as well as those attributable to prescriptive drugs. General Statutes section 46b-84(d) applies to the provisions of this paragraph.
10. The plaintiff shall provide life insurance in the amount of $75,000 for the benefit of the defendant and the minor child so long as he has an obligation to support them.
11. The defendant shall be entitled to claim the minor child as a dependent on her income tax return.
12. All other claims for relief not addressed herein have been rejected.
Judgment may enter accordingly.
Leheny J.